UNITED STATES DISTRICT COURT FOR THE
<u>WESTERN DISTRICT OF NEW YORK    </u>

MARQUIS ADAMS,

                Plaintiff,                    Case No.: 1:25-cv-119

vs.

CITY OF BUFFALO,
CITY OF BUFFALO POLICE           **Jury Trial Demanded**
DEPARTMENT,
CITY OF BUFFALO POLICE OFFICERS
IAN BROWN, RYAN CACCIATORE, JOHN HAYES,
MICHAEL GRIFFIN, SANTIAGO, and OFFICER JOHN DOES,

                Defendants.

---

## COMPLAINT

Plaintiff, Marquis Adams, by his attorney, Vincent T. Parlato, Esq. for his Complaint against the defendants, City of Buffalo ("City"), City of Buffalo Police Department ("BPD"), City of Buffalo Police Officers Ian Brown, Ryan Cacciatore, John Hayes, Michael Griffin, Santiago, and Police Officer John Does (collectively, "Officer Defendants" and, inclusive of all defendants, "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages for constitutional violations, actionable under 42 U.S.C. § 1983, being federal questions cognizable in this Court under 28 U.S.C. § 1331, and for New York State law claims, cognizable in this Court under its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this Court, under 28 U.S.C. § 1391, as all of the events

1

giving rise to the claims occurred within the territorial jurisdiction of the Western District of New York.

## CONDITIONS PRECEDENT

3. The New York State statutory condition precedent to commencing state-law causes of action, including General Municipal Law §§ 50-e, 50-h, and 50-i have been performed or have occurred.

4. Plaintiff caused to be served Notice of Claim upon the Defendants.

5. On September 19, 2024, Plaintiff attended and testified at a General Municipal Law § 50-h examination taken by Assistant City of Buffalo Corporation Counsel Ryan M. Sollenne, Esq.

6. More than thirty days have passed since the service of the Notice of Claim and the Defendants have failed to adjust or pay the said claim.

## STATEMENT OF FACTS

7. The nature of the claim concerns the City, BPD, and Defendant Officers' individual and collective negligence, recklessness, deliberate indifference, assault, battery, use of excessive force and misconduct resulting in personal injury, conscious pain and suffering, and emotional distress to Plaintiff.

8. At all times relevant, Plaintiff was a resident of the City of Buffalo.

9. The City of Buffalo is a municipal corporation created and existing under the laws of the State of New York.

10. Defendant City of Buffalo Police Department ("BPD") is an administrative arm and law enforcement agency operating and existing under the City.

11. The Officer Defendants, including Brown, Hayes, Griffin, Cacciatore, and Santiago, and Officer John Does are employees in the employ of the City of Buffalo and/or BPD and were present, on duty for the City and BPD, on November 25, 2023, at approximately 4:58 a.m. at the scene of a traffic stop and investigation at Jefferson Avenue and East Ferry Street in the City of Buffalo, New York.

12. At all times relevant, Officers Defendants and John Does were acting in the scope of their employment with the City and BPD in their capacity as police officers, and acting under color of state law pursuant to 42 U.S.C. § 1983.

13. The subject incident, a traffic stop occurred at or near the intersection of Jefferson Avenue and East Ferry Street in the City of Buffalo, New York, on November 25, 2023, in the roadway, curb, highway, street, between approximately 4:30 a.m. and 5:30 a.m.

14. Plaintiff was operating a 2015 Toyota Corolla sedan, registration number APP9397.

15. Plaintiff, while operating the vehicle, stopped the vehicle he was driving in response to the commands of the Defendant officers.

16. Officers, including Ian Brown, suddenly and aggressively approached Plaintiff's vehicle on the driver's side, yelling "What are you doing?" and screaming "Get out of the car!"

17. Within the span of mere seconds, and without provocation, or threat by Plaintiff, and without a reasonable or lawful basis to do so, the Defendant Officers, including Officer Ian Brown, Griffin, Santiago, Hayes, and Cacciatore, among other violent and unlawful acts, violently grabbed Plaintiff from the drivers' seat, and slammed and dropped him face first onto to the ground while proceeding to arrest Plaintiff. Plaintiff suffered injuries as a result of this excessive use of force and battery, including but not limited to a chipped tooth/dental injuries.

18. At no time during the brief encounter did Plaintiff display or appear to display a weapon, strike or attempt to strike an Officer, and the Officers, including Officer Ian Brown, negligently, recklessly, and/or intentionally unnecessarily escalated the encounter and used excessive and unnecessary force upon Plaintiff's person.

19. The Defendant Officers intended to commit a harmful and offensive contact with Plaintiff, and Plaintiff was in immediate apprehension of the offensive contact, and did not consent to it, while seated in his vehicle.

20. Defendant Officers did intentionally contact Plaintiff's person by violently grabbing his arm while seated in his vehicle, suddenly pulling and wresting him from his vehicle, and dropping and/or slamming him face down onto the roadway.

21. Officer Ian Brown completed a Use of Force report, in which he made multiple false statements therein, including that Plaintiff "grasp[ed] the steering wheel firmly with two hands" when Officer Ian Brown violently grabbed Plaintiff in

his seat, as well as mischaracterizing the assault, battery, and use of excessive force as "plac[ing] [Clamaint] on the ground."

22. Upon information and belief, the City and BPD improperly hired, and/or trained, and/or retained, and/or supervised Officers and John Does, despite adequate notice of their propensities for violating citizens state and federal statutory rights and state and federal constitutional rights, and nevertheless hired, trained, retained, and negligently supervised the Officers and John Does.

23. As a consequence of Defendants' conduct, Plaintiff was caused to suffer serious and permanent injuries, including but not limited to conscious pain and suffering, dental injuries, emotional anguish and distress, and other damages still presently being ascertained.

24. As a consequence of the policies, customs, and practices of the City, BPD, Officers and John Does, Plaintiff's Fourth and Fourteenth Amendment rights were violated, and Plaintiff was caused to suffer serious and permanent injuries, including but not limited to conscious pain and suffering, emotional anguish and distress, and other damages still presently being ascertained.

25. Plaintiff was charged with various offenses relative to the incident, including reckless driving and obstructing governmental administration in the second degree, Class A misdemeanors.

26. All charges terminated in favor of Plaintiff through dismissal, including the dismissal of the obstructing governmental administration charge in which the

5

Buffalo City Court, through City Court Justice Rebecca Town, determined that the officers lacked probable cause to detain and arrest Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION, STATE LAW BATTERY, PLAINTIFF ALLEGES:

27. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

28. Defendants Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does were acting in the scope of their employment as police officers with the City and BPD at all times relevant.

29. The said Defendants intended to make an offensive bodily contact with Plaintiff.

30. The contact was not justified, qualifiedly immune, responsive to any use or threat of force, or otherwise permitted or authorized.

31. The offensive contact of grabbing, pulling, throwing, dropping, and slamming Plaintiff into the roadway was intentional and offensive in nature, for which Plaintiff suffered injuries.

32. The City of Bufalo and BPD is liable for the actions of the Defendants Officers as, at all times, the Officers were acting within the scope of their employment with the City of Buffalo.

33. Plaintiff seeks judgment as set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION, EXCESSIVE FORCE, PLAINTIFF ALLEGES:**

34. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

35. Defendants Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does were acting in the scope of their employment as police officers with the City and BPD at all times relevant and acting as state actors and the tort was committed under color of state law pursuant to 42 U.S.C. § 1983.

36. In the context of initiating and conducting a traffic stop, for non-criminal violations of the New York Vehicle and Traffic Law, without provocation or lawful excuse, the said Officer Defendants excessively, and unreasonably in light of the circumstances, violently grabbed, threw, slammed, and dropped Plaintiff onto the roadway, on his face and front-facing torso and chest, causing injuries including but not limited to a chipped or cracked tooth.

37. Plaintiff's right to be free from unreasonable seizures, under the Fourth and Fourteenth Amendments, including excessive force, was violated.

38. Plaintiff seeks judgment as set forth below.

**AS AND FOR A THIRD CAUSE OF ACTION, MALICIOUS PROSECUTION, PLAINTIFF ALLEGES:**

39. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

40. Defendants commenced or caused to be commenced a criminal prosecution, consisting of misdemeanors and violations under New York law,

including obstructing governmental administration in the second degree, a Class A misdemeanor punishable by up to one year in jail upon conviction, as well as reckless driving, also a class A misdemeanor punishable by up to one year in jail upon conviction, among other charges.

41. Defendants lacked probable cause to charge Plaintiff with criminal offenses, as opposed to, at most, mere non-criminal traffic violations.

42. Defendants were motivated by actual malice against Plaintiff, based upon his race, prior police contacts, and made and prosecuted Plaintiff upon material false statements sworn to by Officer Ian Brown, including that Plaintiff fled in his vehicle, failing to disclose that Plaintiff came to a slow, rolling stop, failing to include in the information that Defendants Officers, including Officer Brown failed to give Plaintiff time to exit his vehicle, and falsely stating Plaintiff refused to remove his hands from the steering wheel.

43. The criminal action in Buffalo City Court terminated in Plaintiff's favor on July 5, 2024, following a probable cause hearing in which Judge Rebecca Town, of Buffalo City Court, determined that Defendants lacked probable cause to detain or arrest Plaintiff for the commission of a criminal offense.

44. Plaintiff seeks judgment as set forth below.

**AS AND FOR A FOURTH CAUSE OF ACTION, MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983, PLAINTIFF ALLEGES:**

45. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

46. Defendants Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does were acting in the scope of their employment as police officers with the City and BPD at all times relevant and acting as state actors and the tort was committed under color of state law pursuant to 42 U.S.C. § 1983.

47. Defendants commenced or caused to be commenced a criminal prosecution, consisting of misdemeanors and violations under New York law, including obstructing governmental administration in the second degree, a Class A misdemeanor punishable by up to one year in jail upon conviction, as well as reckless driving, also a class A misdemeanor punishable by up to one year in jail upon conviction, among other charges.

48. Defendants lacked probable cause to charge Plaintiff with criminal offenses, as opposed to, at most, mere non-criminal traffic violations.

49. Defendants were motivated by actual malice against Plaintiff, based upon his race, prior police contacts, and made and prosecuted Plaintiff upon material false statements sworn to by Officer Ian Brown, including that Plaintiff fled in his vehicle, failing to disclose that Plaintiff came to a slow, rolling stop, failing to include in the information that Defendants Officers, including Officer Brown failed to give Plaintiff time to exit his vehicle, and falsely stating Plaintiff refused to remove his hands from the steering wheel.

50. The criminal action in Buffalo City Court terminated in Plaintiff's favor on July 5, 2024, following a probable cause hearing in which Judge Rebecca Town, of

9

Buffalo City Court, determined that Defendants lacked probable cause to detain or arrest Plaintiff for the commission of a criminal offense.

51. As a consequence, Plaintiff's Fourth and Fourteenth Amendment rights to be free from malicious prosecution were violated.

52. Plaintiff seeks judgment as set forth below.

### AS AND FOR A FIFTH CAUSE OF ACTION, FALSE ARREST, PLAINTIFF ALLEGES:

53. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

54. Defendants Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does were acting in the scope of their employment as police officers with the City and BPD at all times relevant.

55. Plaintiff was intentionally confined by Defendants Officers, Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does, all of whom were acting at all times within the scope of their employment with the City an BPD.

56. Plaintiff was conscious of the confinement, which took place on the roadway, in a police vehicle, and jail cell on November 25, 2023, and Plaintiff did not consent to the confinement.

57. Defendants lacked probable cause to lengthily detain or arrest Plaintiff. Defendants lacked reasonable suspicion or probable cause to detain or arrest Plaintiff for any crime.

58. Defendants' conduct in falsely arresting Plaintiff was not privileged.

59. Plaintiff seeks judgment as set forth below.

10

## AS AND FOR A SIXTH CAUSE OF ACTION, FALSE ARREST UNDER 42 U.S.C. § 1983, PLAINTIFF ALLEGES:

60. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

61. Defendants Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does were acting in the scope of their employment as police officers with the City and BPD at all times relevant and acting as state actors and the tort was committed under color of state law pursuant to 42 U.S.C. § 1983.

62. Plaintiff was intentionally confined by Defendants Officers, Brown, Cacciatore, Hayes, Griffin, Santiago, and Police Officer John Does, all of whom were acting at all times within the scope of their employment with the City an BPD.

63. Plaintiff was conscious of the confinement, which took place on the roadway, in a police vehicle, and jail cell on November 25, 2023, and Plaintiff did not consent to the confinement.

64. Defendants lacked probable cause to lengthily detain or arrest Plaintiff. Defendants lacked reasonable suspicion or probable cause to detain or arrest Plaintiff for any crime.

65. Defendants' conduct in falsely arresting Plaintiff was not privileged.

66. As a consequence, Plaintiff's right to be free from unreasonable seizures and falsely arrested, under the Fourth and Fourteenth Amendment, was violated.

67. Plaintiff seeks judgment as set forth below.

## AS AND FOR A SEVENTH CAUSE OF ACTION, NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENION, PLAINTIFF ALLEGES:

11

68. Plaintiff repeats, realleges, and incorporates herein the preceding paragraphs with the same force and effect as if fully restated.

69. Defendants the City and BPD knew or should have known that Defendants Officers, including Brown, Hayes, Griffin, Cacciatore, Santiago, and Officer John Does of the Defendant Officers' propensity or propensities toward excessive force, prevarication, dishonesty, perjury, failure to protect and respect criminal defendants' constitutional and state statutory rights, such that it was foreseeable the Defendants Officers would violate Plaintiff's state and federal constitutional rights, including but not limited to his New York Criminal Procedure Law rights, and Fourth Amendment and Fourteenth Amendment rights to be free from unlawful searches and seizures, pretrial punishment, and excessive force, battery, malicious prosecution, and false arrest.

70. Defendants the City and BPD failed to take reasonable care to ensure that the Officer Defendants were trained to follow the New York Criminal Procedure Law, to respect and not violate citizens', including Plaintiff's constitutional rights during the course of their investigations, including the right to be free from unreasonable searches and seizures, malicious prosecution, false arrest, battery and excessive force. The failure of the City and BPD to so train these Defendant Officers, while at the same time tasking them with the duties and obligations to enforce the Penal Law and Vehicle Traffic Law, in which the Defendants were empowered with discretionary authority to use force, arrest, and charge individuals with crimes and violations, foreseeably and proximately caused Plaintiff's injuries.

71. Defendants the City and BPD failed to take reasonable care to ensure that the Officer Defendants were supervised to follow the New York Criminal Procedure Law, to respect and not violate citizens', including Plaintiff's constitutional rights during the course of their investigations, including the right to be free from unreasonable searches and seizures, malicious prosecution, false arrest, battery and excessive force. The failure of the City and BPD to so supervise these Defendant Officers, while at the same time tasking them with the duties and obligations to enforce the Penal Law and Vehicle Traffic Law, in which the Defendants were empowered with discretionary authority to use force, arrest, and charge individuals with crimes and violations, foreseeably and proximately caused Plaintiff's injuries.

72. Defendants the City and BPD failed to take reasonable care to ensure that the Officer Defendants hired by the City and BPD, who were obligated at all times to follow the New York Criminal Procedure Law, to respect and not violate citizens', including Plaintiff's constitutional rights during the course of their investigations, including the right to be free from unreasonable searches and seizures, malicious prosecution, false arrest, battery and excessive force, were in fact free from the propensities and inclination to violate these said rights, rules, and procedures. The failure of the City and BPD to properly hire these Defendant Officers, while at the same time tasking them with the duties and obligations to enforce the Penal Law and Vehicle Traffic Law, in which the Defendants were empowered with discretionary authority to use force, arrest, and charge individuals with crimes and violations, foreseeably and proximately caused Plaintiff's injuries.

73. Defendants the City and BPD negligently retained the Officer Defendants and failed to properly and continuously supervise the Officer Defendants and ensure compliance with the New York Criminal Procedure Law, to respect and not violate citizens', including Plaintiff's constitutional rights during the course of their investigations, including the right to be free from unreasonable searches and seizures, malicious prosecution, false arrest, battery and excessive force. The failure of the City and BPD to monitor resulting in the retention of these Defendant Officers, while at the same time continuing to task them with the duties and obligations to enforce the Penal Law and Vehicle Traffic Law, in which the Defendants were empowered with discretionary authority to use force, arrest, and charge individuals with crimes and violations, foreseeably and proximately caused Plaintiff's injuries.

**WHEREFORE**, for these reasons, Plaintiff seeks judgment against the Defendants, jointly and severally, for general damages for his conscious pain and suffering and emotional anguish, punitive damages, costs and disbursements of bringing this action, and attorneys' fees pursuant to 42 U.S.C. § 1988, together with any such other and further relief as the Court may deem just and proper.

Dated:   February 6, 2025

                                                  ***/s/ Vincent T. Parlato***
                                                         Attorney for Plaintiff
                                      69 Delaware Avenue, Suite 1008
                                              Buffalo, New York 14202
                                                         716-430-8858
                                Vincent.Parlato@buffalonylegal.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | **SOCIAL SECURITY** | |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
_____

Brief description of cause:
_____

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

|  |  |  |
|---|---|---|
| *Plaintiff(s)* <br> v. <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*